IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

| | |
|---|---|
| **AKEEM TATE,** | **Case No.: 16-2014-CA-000756** |
| **Plaintiff,** | **Division: CV-C** |
| vs. | **CLASS REPRESENTATION** |
| | **JURY TRIAL DEMANDED** |
| **NAVY FEDERAL CREDIT UNION,** | **INJUNCTIVE RELIEF SOUGHT** |
| **Defendant.** | |
| _____/ | |

## CLASS ACTION COMPLAINT

Plaintiff, AKEEM TATE (hereinafter "Plaintiff"), by and through their undersigned counsel, brings this suit against Defendant, NAVY FEDERAL CREDIT UNION (hereinafter "Defendant"), and alleges:

### I. INTRODUCTION

1. This is a class action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*

2. This action arises out of Defendant's illegal efforts to collect consumer debts. Defendant's letters are meant to threaten imminent legal action which it had no intention of taking in an effort to collect consumer debts, in violation of the FCCPA.

3. Moreover, the Defendant's conduct is unfair and deceptive, since Defendant's threats contained in its debt collection letters are blatantly false and are only meant to scare consumers into paying Defendant money.


## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because the amount in controversy exceeds $15,000; the Plaintiff is a resident of Duval County, Florida; and the Defendant does business in Duval County, Florida.

5. Venue is proper in this County because actions giving rise to this lawsuit occurred in Duval County, Florida.

6. In addition, jurisdiction and venue for purposes of this action are proper pursuant to Fla. Stat. § 559.77.

## III. PARTIES

7. Plaintiff, AKEEM TATE is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by Florida Stat. §559.55(2).

8. Defendant, NAVY FEDERAL CREDIT UNION is a state chartered credit union doing business in Duval County, Florida and is at all times mentioned in this complaint, a "person" as referred to in Florida Stat. §559.72.

## IV. FACTUAL ALLEGATIONS

9. The Plaintiff allegedly incurred a "consumer debt" to NAVY FEDERAL CREDIT UNION, as that term is defined under Section 559.55(1), Fla. Stat.

10. On November 28, 2013, NAVY FEDERAL CREDIT UNION sent the Plaintiff a collection letter regarding a debt of **$588.65**, stating that "we are considering possible legal action against you in relation to the debt" "Your account may be referred to an attorney", "court costs" and "prevent any future attorney fees". In addition, the letter gives the consumer conflicting deadlines of "15 days" and "30 days" before referral to an attorney or "further action". A copy of the collection letter (hereinafter referred to as the "Debt

Collection Letter"), is attached as Exhibit A.

11. After reading the collection letter, the Plaintiff thought that he would be sued if he did not make payment arrangements within 15 or 30 days.

12. A review of the filings at the Duval County Courthouse for the past two years, prove that the threat of litigation was false as the Defendant never files lawsuits on debts under $1,000.00.

13. Upon information and belief, the Defendant has a practice and policy of not filing lawsuits on debts that are under $1,000.00.

14. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." Jeter, 760 F.2d at 1172-73 (internal citations omitted).

15. NAVY FEDERAL CREDIT UNION'S collection methods are abusive, deceptive, and unfair since the Debt Collection Letter threaten to take legal action that it had no intention of taking.

V. **CLASS REPRESENTATION ALLEGATIONS**

16. Pursuant to Florida Rule of Civil Procedure 1.220(a), (b) (2) and (b) (3), Plaintiffs bring this action on behalf of themselves and all others similarly situated.

17. The Class is defined as:

> All persons in the State of Florida who received a letter from Defendant substantially similar or materially identical to the Debt Collection Letter

issued to Plaintiff and who allegedly owe the Defendant a debt of less than $1,000.00.

18. The Class Period for Count I (FCCPA) begins two years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

19. Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, the putative Class exceeds several hundred Florida consumers since Defendant uses the same form Letter (Exhibit "A") in connection with its collection efforts. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

20. Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a) Whether Defendant's Debt Collection Letters violate the FCCPA, (specifically Florida Statute 559.72(7)) when it is sent to consumers regarding an alleged debt that is less than $1,000.00 when Defendant never intended, and in fact, did not file any lawsuits on debts less than $1,000.00.

(b) Whether Defendant's conduct and its Debt Collection Letters violate FDUTPA and constitute a false deceptive or misleading representation by threatening action Defendant had no intention of taking against Plaintiff and the Class.

(c)     Whether Defendant's conduct and its Debt Collection Letters violate FDUTPA and constitute an unfair or unconscionable means to collect a debt by threatening action Defendant had no intention of taking against Plaintiff and the Class.

21.     The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class because, upon information and belief, Defendant uses standardized form letters when attempting to collect Florida debts. The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of Defendant. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection letters similar to Exhibit "A" from Defendant.

22.     The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because he has no interest antagonistic to the Class they seek to represent, and because the adjudication of their claims will necessarily decide the identical issues for other class members. Whether the Defendant's Debt Collection Letter sent to Plaintiff violates the FCCPA is an issue that will be decided for all other consumers with similar or identical letters. There is nothing peculiar about the Plaintiffs' situation that would make her inadequate as class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

23.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will

be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters used by Defendant violate the FCCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances.

24. Defendant also acted and refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Class as a whole. Defendant should be enjoined from sending out collection letters that violate the FCCPA, such as the one it sent to Plaintiff.

## COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")

25. Plaintiff, on behalf of himself and all others similarly situated, repeat and re-allege each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

26. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

27. At all times material herein, Plaintiff and the Class members were "debtors" as defined by Fla. Stat. § 559.55(2).

28. At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

29. At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

30. The FCCPA, section 559.72(7) provides:

In collecting consumer debts, no person shall:

   (7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

31. In relevant part, the Letter states:
that "we are considering possible legal action against you in relation to the debt" "Your account may be referred to an attorney", "court costs" and "prevent any future attorney fees". In addition, the letter gives the consumer conflicting deadlines of "15 days" and "30 days" before referral to an attorney or "further action"

32. By falsely threatening legal action with no intent to follow through, Defendant has violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the Class.

33. For purposes of the claims brought in this action, the applicable standard under the FCCPA is "the least sophisticated" consumer test. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

34. As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

35. In addition, Plaintiff and the Class seek a permanent injunction prohibiting Defendant from sending out collection letters similar to Exhibit A in the manner described above.

## COUNT II: VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 *et seq.* ("FDUTPA")
## (Injunctive Relief Only)

36. Plaintiff, on behalf of himself and all others similarly situated, repeat and re-allege each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

37. FDUTPA protects consumers from those "who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). A violation of FDUTPA may be based on "unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c).

38. FDUTPA is required to be construed liberally. Cummings v. Warren Henry Motors, Inc., 648 So. 2d 1230 (Fla. 4th DCA 1995).

39. Plaintiff and the Class are consumers as defined in Fla. Stat. § 501.203(7).

40. Defendant is engaged in "trade or commerce: as defined in Fla. Stat. § 501.203(8).

41. Defendant willfully harassed Plaintiff and the Class with respect to the collection of its debt, and threatened legal action Defendant had no intention of taking. Defendant's conduct constitutes unfair, deceptive and unconscionable acts or practices.

42. Specifically, Defendant's conduct of sending collection letters similar to Exhibit A which threatens illegal actions constitutes patently unfair, deceptive, and/or unconscionable acts or practices.

43. FDUTPA permits a claim for injunctive relief by "anyone aggrieved" by an unfair or deceptive act, which has occurred, is now occurring, or is likely to occur in the future. Fla. Stat. § 501.211(1). Accordingly, regardless of whether an aggrieved party can recover "actual damages" under section 501.211(2), it may obtain injunctive relief under section 501.211(1). *See* Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc., 2012 WL 3870405, Case No. 5D11-1577 (Fla. 5th DCA September 7, 2012).

44. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been harmed.

45. Accordingly, Plaintiff and the Class request injunctive relief prohibiting (1) Defendant from sending out collection letters similar to Exhibit A in the manner described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 1.220 of the Florida Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b. Adjudging that Defendant violated the FCCPA, Fla. Stat. § 449.72(7), and awarding Plaintiff and the Class members actual damages and statutory damages pursuant to Florida Statutes § 559.77(2);

c. Permanently enjoining Defendant from sending collection letters similar to Exhibit A in the manner described in this lawsuit;

d. Permanently enjoining Defendant from threatening Plaintiff and the Class in the manner described in this lawsuit;

e. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2) and 501.2105;

f. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 31, 2014

                                       MAX STORY, P.A.

By: _____
                                 MAX STORY, ESQ.
                                 FBN: 527238
                                 328 2nd Avenue North, Suite 100
                                 Jacksonville Beach, FL 32250
                                 Telephone: (904) 372-4109
                                 Facsimile: (904) 758-5333
                                 *max@maxstorylaw.com*
                                 Attorney for Plaintiff